UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case NO.: 1:19-cv-25266

**CAROLINE BRANDAO de CARVALHO**,

    Plaintiff,

v.

**OCEAN'S END, LLC,**

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Caroline Brandão de Carvalho ("Plaintiff" and/or "CARVALHO"), by and through undersigned counsel, sues Defendant, OCEAN'S END, LLC d/b/a TEQUILA CHICAS (hereinafter "Defendant" or "TEQUILA CHICAS"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

## JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

2 | P a g e

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Miami, Florida and was a resident of Miami-Dade County, Florida for all times relevant to this action.

6. At all times relevant to this action, Plaintiff was an employee of Defendant.

7. Defendant is a For Profit Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

## STATEMENT OF FACTS

8. Plaintiff brings forth this action in Federal Court pursuant to Title VII and FCRA.

9. In or around May 2013, Plaintiff CARVALHO began working for Defendant as a Bartender.

10. Plaintiff was one of four (4) Bartenders assigned to work at Defendant's daily.

11. In or around 2018, Defendant's Victor Aquirre (hereinafter referred to as "AQUIRRE") began subjecting Plaintiff to sexual comments regarding her body and discriminated against Plaintiff CARVALHO because of her sex.

12. Defendant's AQUIRRE supervised Plaintiff CARVALHO.

13. Defendant's AQUIRRE controlled the terms of Plaintiff CARVALHO'S employment. Defendant's AQUIRRE had the ability to hire, fire and/or alter the terms of Plaintiff CARVALHO'S employment.

14. At all relevant times, Defendant's AQUIRRE held supervisory authority over Plaintiff CARVALHO.

15. Over the course of Plaintiff's employment, Defendant's AQUIRRE made comments about Plaintiff CARVALHO'S body.

16. Defendant's employees admitted to fantasizing about Plaintiff CARVALHO'S body on many occasions.

17. Defendant's AQUIRRE regularly told Plaintiff CARVALHO'S of his sexual attraction to Plaintiff CARVALHO.

18. At all relevant times, Plaintiff CARVALHO rejected all Defendant's employees' sexual advances.

19. At all relevant times, Plaintiff CARVALHO demanded that Defendant's AQUIRRE immediately stop making sexual comments about her.

20. At all relevant times, Defendant's AQUIRRE engaged in the pervasive sexual harassment of Plaintiff CARVALHO.

21. At all relevant times, Defendant's AQUIRRE made comments about wanting to have sexual relationship with Plaintiff CARVALHO.

22. At all relevant times, Defendant's AQUIRRE made comments about having sexual fantasies about Plaintiff CARVALHO.

23. By way of example, Defendant's AQUIRRE relayed a graphic sexual fantasy about Plaintiff CARVALHO performing sexual acts with Defendant's AQUIRRE.

24. At all relevant times, Respondent did not have any anti-discriminatory policies in place for Plaintiff CARVALHO to take advantage off.

25. At all relevant times, starting from the beginning of Defendant's AQUIRRE'S employment with Defendant, Defendant's AQUIRRE regularly sexually harassed Plaintiff. By means of example only, AQUIRRE would ask Plaintiff for sexual favors daily and would harass Plaintiff AQUIRRE in front of other employees.

26. At all material times, the other three (3) female bartenders complained to Defendant's management about Defendant's AQUIRRE'S constant sexual harassment.

27. In or around June 2018, Defendant's AQUIRRE kissed Plaintiff CARVALHO on the back of her neck, Plaintiff AQUIRRE shoved Defendant's AQUIRRE away and asked that he not do that again.

28. In or around June 2018, Defendant's AQUIRRE grabbed Plaintiff AQUIRRE waist, pulling her body against his.

29. In or around June 2018, Plaintiff called Respondent's Director of Operations, Ian Hendry (hereinafter referred to as "HENDRY") and complained about Defendant's AQUIRRE and the sexual harassment.

30. HENDRY told Plaintiff that there would be a meeting to discuss the sexual harassment with Respondent's Human Resource Officer Tammy Lingenfelser (hereinafter referred to as "LINGENFELSER").

31. After the meeting with LINGENFELSER, Defendant's AQUIRRE continued sexually harassing Plaintiff CARVALHO.

32. In or around July 2018, Defendant's AQUIRRE would motion make grabbing gestures at Plaintiff CARVALHO. Defendant's AQUIRRE made motion to grab Plaintiff CARVALHO'S buttocks.

33. Plaintiff CARVALHO continuously told Defendant's AQUIRRE to not come close to her and stay away from her.

34. In or around August 2018, Defendant's AQUIRRE kissed Plaintiff CARVALHO on the back of her neck while she was working behind the bar in the presence of customers.

35. In or around August 2018, Plaintiff again complained to LINGENFELSER. LINGENFELSER instructed to continue to report the sexual harassment if it AQUIRRE continued sexually harassing Plaintiff CARVALHO.

36. In or around August 2018, Defendant's AQUIRRE began making other sexual statements to Plaintiff to Plaintiff CARVALHO and the other Bartenders.

37. In or around 2018, AQUIRRE told CARVALHO he wanted her to go to the bathroom so he could watch her "…MAKEOUT WITH HER FRIEND."

38. In or around September 2018, Defendant's AQUIRRE stated "MAMACITA, I WANNA TAKE YOU HOME," to which Plaintiff CARVALHO did not respond.

39. At all relevant times, Plaintiff CARVALHO rejected Defendant's AQUIRRE'S numerous sexual advances.

40. In or around September 2018, Defendant's AQUIRRE asked Plaintiff CARVALHO to go with him to the restroom so they could make out.

41. In or around October 2018, Plaintiff CARVALHO informed LINGENFELSER that she had the opportunity to study abroad for three (3) months.

42. LINGENFELSER informed Plaintiff CARVALHO, as always, that her leave was not an issue and her position with Defendant was safe.

43. In or around October 2018, Defendant's spoke to another bartender about covering Plaintiff's shifts while she was away.

44. In or around October 2018, Plaintiff spoke to another bartender, Natalia Poblete (hereinafter referred to as "POBLETE") about covering her shifts while she was gone. POBLETE agreed to cover her the shift until Plaintiff CARVALHO'S return.

45. In or around October 2018, POBLETE began covering Plaintiff CARVALHO'S shifts.

46. In or around January 2019, Plaintiff CARVALHO contacted LINGENFELSER to inform her that she would be returning to work on January 28, 2019.

47. In or around January 2019, LINGENFELSER responded to Plaintiff CARVALHO'S message saying "OK," and that Plaintiff CARVALHO needed to update HENDRY as well.

48. In or around January 2019, Defendant informed Plaintiff CARVALHO that there was no space at Defendant and POBLETE would be staying.

49. In or around January 2019, Plaintiff sent POBLETE a message via WhatsApp, asking if she planned on staying at Respondent, POBLETE said she had no intention of staying and that no one has spoken to her.

50. In or around January 2019, Defendant terminated from Plaintiff CARVALHO's employment with Defendant.

51. In or around January 2019, LINGENFELSER said "NO ONE PROMISED YOU YOUR JOB."

52. As a result of Plaintiff CARVALHO complaints, Defendant's employees created a hostile work environment for Plaintiff CARVALHO.

53. Defendant began instituting a campaign to terminate Plaintiff CARVALHO because of Plaintiff CARVALHO'S complaints of sexual harassment.

54. Plaintiff CARVALHO exhausted all available Defendant's administrative remedies that were available to her.

55. Defendant had not given Plaintiff CARVALHO a reason for her unlawful termination.

56. Defendant wrongfully terminated Plaintiff CARVALHO'S employment.

57. As a result of Defendant's termination of Plaintiff CARVALHO'S employment, Plaintiff CARVALHO had no income and was homeless.

58. On or around April 18, 2019, Plaintiff CARVALHO filed an EEOC Charge of discrimination against the Defendant.

59. On or around September 26, 2019 Plaintiff CARVALHO received the Notice of Suit Rights from the EEOC.

60. Plaintiff CARVALHO claims actual discharge.

61. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

62. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

63. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

64. As a result of the acts and conduct complained of herein, Plaintiff CARVALHO has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff CARVALHO has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff CARVALHO further experienced severe emotional and physical distress.

65. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

66. As a result of the above, Plaintiff CARVALHO has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

67. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law. As such, Plaintiff CARVALHO demands Punitive Damages as against Defendant.

68. The above are just some of the examples of the discrimination and retaliation to which Defendant subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION UNDER TITLE VII**

69. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

70. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

71. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

72. Defendant's AQUIRRE regularly made sexual comments about Plaintiff CARVALHO'S body, specifically her buttocks.

73. On two occasions, Defendant's AQUIRRE asked Plaintiff CARVALHO if he could join her at her home.

74. Defendant's AQUIRRE made several comments about having a sexual relationship with Plaintiff CARVALHO.

.

75. On two separate occasions, Defendant's AQUIRRE kissed Plaintiff CARVALHO on the back of her neck, while she worked.

76. Plaintiff did not give AQUIRRE consent to kiss her.

77. Plaintiff CARVALHO objected and pushed AQUIRRE away from her every time he attempted to grab her sexually.

78. Defendant's AQUIRRE rubbed the front of his body and his hips against Plaintiff CARVALHO'S back and buttocks, without her consent.

79. Plaintiff CARVALHO was sexually harassed based on her gender.

80. Defendant treated Plaintiff CARVALHO less favorably than similarly situated employees outside the protected class.

81. Plaintiff CARVALHO exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

82. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

83. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or

award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**AS A SECOND CAUSE OF ACTION**</u>
<u>**RETALIATION UNDER TITLE VII**</u>

84. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

85. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

86. Plaintiff CARVALHO is a woman and, as such, a member of a protected class under Title VII.

87. Plaintiff CARVALHO complained to Defendant and LINGENFELSER about the sexually charged comments being made about her body.

88. Plaintiff CARVALHO complained to LINGENFELSER about the sexual comments and about AQUIRRE touching her in a sexual manner and kissing the back of her neck on two separate occasions.

89. Plaintiff engaged in protected activity such as complaining about discrimination based on her gender.

90. Shortly after Plaintiff CARVALHO made her sexual harassment and retaliation complaints, Defendant terminated Plaintiff CARVALHO'S employment.

91. Plaintiff CARVALHO exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

92. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

93. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

94. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

95. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

96. The harassing conduct was directly connected to Plaintiff CAVALHO'S gender.

97. Plaintiff CARVALHO did not welcome Defendant's employees conduct or comments based on her gender.

98. Defendant delegated AQUIRRE the supervisory authority to control Plaintiff CARVALHO'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff CARVALHO'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

99. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER FCRA

100. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

101. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

102. Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

103. At all times relevant, Plaintiff was an employee under the FCRA.

104. Plaintiff is and was protected against discrimination under the FCRA.

105. At all times relevant, Plaintiff CARVALHO was qualified to do her job and other jobs at Defendant.

106. At all times relevant, Defendant treated Plaintiff CARVALHO differently because of her gender and sexual orientation.

107. At all times relevant, AQUIRRE made sexual comments to Plaintiff CARVALHO.

108. At all times, AQUIRRE rubbed his body against Plaintiff CARVALHO's buttocks and kissed the back of her neck.

109. At all times relevant, Plaintiff objected to AQUIRRE's sexual comments and conduct.

110. Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

111. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION
## RETALIATION UNDER FCRA

112. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

113. Defendant took adverse employment actions against Plaintiff CARVALHO because she complained about the sexual discrimination and sexual harassment of her; i.e., because she engaged in activities protected by the FCRA.

114. Plaintiff CARVALHO complained to Defendant about sexual harassment in the workplace.

115. Defendant terminated Plaintiff CARVALHO within months of her formal complaint of sexual discrimination and sexual harassment.

116. These retaliatory actions against Plaintiff CARVALHO would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

    **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

    b. Issue an order prohibiting further retaliation; and

    c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

    d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

    e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER FCRA

117. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

118. The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

119. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the

same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

120. AQUIRRE regularly kissed and grabbed Plaintiff CARVALHO in a sexual manner.

121. The harassing conduct was directly connected to Plaintiff CARVALHO gender.

122. Defendant delegated AQUIRRE the supervisory authority to control Plaintiff CARVALHO'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff CARVALHO'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

123. As a result of Defendant's violations of FCRA, Plaintiff CARVALHO has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

    **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

    b. Issue an order prohibiting further retaliation; and

    c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

      d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

      e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment

## AS A SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

124. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

125. At all times relevant, Defendant has a duty to provide Plaintiff CARVALHO with a safe and lawful workplace.

126. At all times relevant, Defendant had a duty to protect Plaintiff CARVALHO from attacks, harassment, retaliation and other tortious and unlawful acts by Defendant's agents, managers and employees.

127. Defendant breached their aforementioned duties to Plaintiff CARVALHO by allowing, retaining, failing to supervise and prevent the attacks, harassment and other tortious and unlawful acts alleged above.

128. Defendant was on notice by way of Plaintiff CARVALHO'S complaints of sexual harassment and a hostile work environment.

129. Defendant's employees began engaging in behaviors such as physically bumping Plaintiff CARVALHO as a result of her complaints.

130. Defendant failed to respond to Plaintiff CARVALHO'S calls for support after her complaints of sexual harassment.

131. As a result of the Defendant's actions and breaches as alleged in this Count, Plaintiff CARVALHO has been injured and has suffered damages, including severe

emotional distress and mental anguish, pain and suffering, loss of capacity for enjoyment of life, loss of self-esteem, and economic damages.

## AS AN EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

132. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

133. Defendant intended to cause or engaged in a course or engaged in a course of conduct in reckless disregard of the probability of causing severe emotional distress to Plaintiff CARVALHO when Defendants harassed, assaulted, humiliated, discharged, and retaliated against Plaintiff CARVALHO.

134. At all times relevant, Defendant was in a position of extreme power and influence over important aspects of Plaintiff CARVALHO' life.

135. Defendant unlawfully terminated Plaintiff CARVALHO' employment.

136. Defendant intentionally or recklessly inflicted severe emotional distress upon Plaintiff CARVALHO.

137. Defendant intentionally or recklessly inflicted severe emotional distress upon Plaintiff CARVALHO willfully, wantonly, maliciously, and with callous disregard for her health and legal rights.

138. As a result cause of all Defendant actions as alleged in this Count, Plaintiff CARVALHO has been injured and has suffered damages, including severe emotional distress and mental anguish, pain and suffering, loss of capacity for enjoyment of life, loss of self-esteem, and economic damages.

139.	Plaintiff CARVALHO demands from Defendant, all relief that is just and equitable, including compensatory damages, plus the taxable costs of this action.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:	Miami, Florida
	December 23, 2019

						DEREK SMITH LAW GROUP, PLLC
						Attorneys for Plaintiffs

						By: /s/ Tiffani-Ruth I. Brooks
						    Tiffani-Ruth I. Brooks, Esq.
						    tiffani@dereksmithlaw.com
						     701 Brickell Avenue, Suite 1310
						    Miami, FL 33186
						    (305) 946-1884